## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES *ex rel.* | ) | |
| | ) | |
| HEATHCOTE HOLDINGS CORP, INC., | ) | |
| An Illinois Corporation, Relator | ) | Civil Action No. _____ |
| | ) | |
| Plaintiffs, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | |
| | ) | |
| MAYBELLINE LLC, MAYBELLINE NEW | ) | |
| YORK, L'OREAL USA CREATIVE, INC., and | ) | |
| L'OREAL USA INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR FALSE PATENT MARKING

Relator, HEATHCOTE HOLDINGS CORP., INC., (herein referred to as "HEATHCOTE"), by its attorneys, hereby complains against DEFENDANTS MAYBELLINE LLC, MAYBELLINE NEW YORK, L'OREAL USA CREATIVE, INC., and L'OREAL USA INC., (herein referred to as "DEFENDANTS") as follows:

### NATURE OF THE CASE

1.      This is a *qui tam* action on behalf of the public for false patent marking under 35 U.S.C. §292.

2.      As set forth below, DEFENDANTS have violated 35 U.S.C. §292(a) by marking upon, or affixing to, or using in advertising, certain of their products with language indicating that the products are protected by patents which do not cover the products by virtue of the fact that the patents have expired.

3.      Plaintiff seeks an award of monetary damages against DEFENDANTS pursuant to 35 U.S.C. §292(b), with one-half going to the use of the United States and the other half going to the person bringing the action.

## THE PARTIES

4.      HEATHCOTE is an Illinois corporation with its principal place of business in Evanston, Illinois 60202.

5.      On information and belief, DEFENDANT MAYBELLINE INC., is a corporation established under the laws of the State of Delaware with its principal place of business in New York, New York.

6.      DEFENDANT MAYBELLINE INC. is owned by L'OREAL USA CREATIVE, INC., L'OREAL USA INC. or some corporate entity affiliated with L'OREAL USA CREATIVE, INC. and/or L'OREAL USA INC.

7.      On information and belief, DEFENDANT MAYBELLINE NEW YORK, is a corporation established under the laws of the State of Delaware with its principal place of business in New York, New York.

8.      DEFENDANT MAYBELLINE NEW YORK, is a corporate entity affiliated with L'OREAL USA CREATIVE, INC. and/or L'OREAL USA INC.

9.      DEFENDANT L'OREAL USA CREATIVE, INC., is a corporation established under the laws of the State of Delaware with their principal places of business at in New York, New York.

10.      DEFENDANT L'OREAL USA INC. is a corporation established under the laws of the State of Delaware with their principal places of business at in New York, New York, and is, on information and belief, the controlling parent company of L'OREAL USA CREATIVE, INC.

## JURISDICTION AND VENUE

11.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2

12.     Venue properly lies in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1395(a), because DEFENDANTS have marked upon, or affixed to, or used in advertising, falsely marked products that were and are offered for sale and purchased in this District.

13.     This Court has personal jurisdiction over DEFENDANTS because they have sold and continue mark upon, or affix to, or use in advertising, falsely marked products, in Illinois and in this District and/or in the stream of commerce with knowledge that they would be sold in Illinois and in this District.  Such sales by DEFENDANTS are substantial, continuous, and systematic.

14.     HEATHCOTE brings this action under 35 U.S.C. §292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

15.     The subject patents identified below, Nos. 4,796,647, 4,871,536, 4,887,622 and 4,993,440 have all expired.

16.     On information and belief, Defendant continue to mark upon, or affix to, use in advertising or distribute cosmetics products which are labeled with expired patents.

## **THE EXPIRED PATENTS**

### *United States Patent No. 4,796,647*

17.     United States Patent No. 4,796,647 (the "'647 patent") was filed on September 2, 1987.

18.     The '647 patent is subject to a foreign priority filing dated September 15, 1986.

19.     The '647 patent was issued on January 10, 1989.

20.     The '647 patent expired on or about September 15, 2006.

21.     A true and correct copy of the '647 patent is attached as Exhibit A.

3

22.     Defendant L'OREAL USA INC. applies the '647 patent to products that it marks upon, or affixes to, or uses in advertising.

### United States Patent No. 4,871,536

23.     United States Patent No. 4,871,536 (the "'536 patent") was filed July 28, 1988.

24.     The '536 patent is subject to a foreign priority filing dated June 17, 1986.

25.     The '536 patent was issued on October 3, 1989.

26.     The '536 patent expired on or about October 3, 2006.

27.     A true and correct copy of the '536 patent is attached as Exhibit B.

28.     Defendant L'OREAL USA INC. applies the '536 patent to products that it marks upon, or affixes to, or uses in advertising.

29.     Defendant MAYBELLINE LLC and/or Defendant MAYBELLINE NEW YORK apply/applies the '536 patent to products that it marks upon, or affixes to, or uses in advertising.

### United States Patent No. 4,887,622

30.     United States Patent No. 4,877,622 (the "'622 patent") was filed November 30, 1987.

31.     The '622 patent is subject to a foreign priority filing dated November 28, 1986.

32.     The '622 patent was issued on December 19, 1989.

33.     The '622 patent expired on or about November 30, 2007.

34.     A true and correct copy of the '622 patent is attached as Exhibit C.

35.     Defendant MAYBELLINE LLC and/or Defendant MAYBELLINE NEW YORK apply/applies the '622 patent to products that it marks upon, or affixes to, or uses in advertising.

36.     Defendant L'OREAL USA INC. applies the '622 patent to products that it marks upon, or affixes to, or uses in advertising.

4

### *United States Patent No. 4,898,193*

37.    United States Patent No. 4,898,193 (the "'193 patent") was filed on October 20, 1987.

38.    The '193 patent is subject to a foreign priority filing dated October 24, 1986.

39.    The '193 patent was issued on March 6, 1990.

40.    The '193 patent expired on or about February 6, 2007.

41.    A true and correct copy of the '193 patent is attached as Exhibit D.

42.    Defendant MAYBELLINE LLC and/or Defendant MAYBELLINE NEW YORK apply/applies the '193 patent to products that it marks upon, or affixes to, or uses in advertising.

### *United States Patent No. 4,993,440*

43.    United States Patent No. 4,993,440 (the "'440 patent") was filed on July 27, 1989.

44.    The '440 patent is subject to a foreign priority filing dated November 28, 1986.

45.    The '440 patent was issued on February 19, 1991.

46.    The '440 patent expired on or about February 19, 2008.

47.    A true and correct copy of the '440 patent is attached as Exhibit E.

48.    Defendant MAYBELLINE LLC and/or Defendant MAYBELLINE NEW YORK apply/applies the '440 patent to products that it marks upon, or affixes to, or uses in advertising.

### **CAUSES OF ACTION FOR FALSE PATENT MARKING**

49.    DEFENDANTS are sophisticated companies with many decades of experience applying for, obtaining, and litigating patents, and there knows that patents do not have unlimited scope, but rather, have a scope limited to that which is claimed.

50.    The subject patents marked on the packaging of products identified herein have expired.

6559559v1  910016  57483

51.     When a patent expires, all prospective rights in the patent terminate irrevocably.

52.     A product marked with an expired patent is not protected by an expired patent.

53.     DEFENDANTS have falsely marked the products described below, with the intent to deceive the public, in violation of 35 U.S.C. §292.

54.     For each count of this Complaint, HEATHCOTE incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth therein.

## COUNT I

55.     Defendants L'OREAL USA CREATIVE, INC. and L'OREAL USA INC., hereafter, the L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LINEUR INTENSE® FELT TIP Liquid Eyeliner" "610 Black Mica Noir Granit" under the product line "L'OREAL PARIS"  (the "610 Product").  A front and back photograph of the 610 Product is attached as Exhibit 1.

56.     The 610 Product package is marked with the '647 patent.

57.     The 647 patent expired on or about September 15, 2006.

58.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 610 Product with the expired '647 patent.

## COUNT II

59.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LINEUR INTENSE® FELT TIP Liquid Eyeliner" "630 Earthen Rock Brown Brun Argile" under the product line "L'OREAL PARIS"  (the "630 Product").  A front and back photograph of the 630 Product is attached Exhibit 2.

60.     The 630 Product package is marked with the '647 patent.

61.     The 647 patent expired on or about September 15, 2006.

62.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 630 Product with the expired '647 patent.

## COUNT III

63.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "CARBON INTENSE LINEUR INTENSE™ FELT TIP Liquid Eyeliner" "690 Carbon Black Noir Carbone" under the product line "L'OREAL PARIS" (the "690 Product").  A front and back photograph of the 690 Product is attached as Exhibit 3.

64.     The 690 Product package is marked with the '647 patent.

65.     The 647 patent expired on or about September 15, 2006.

66.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 690 Product with the expired '647 patent.

## COUNT IV

67.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LINEUR INTENSE® BRUSH TIP Liquid Eyeliner" "710 Black Noir" under the product line "L'OREAL PARIS"  (the "710 Product").  A front and back photograph of the 710 Product is attached to the Appendix to this Complaint as Exhibit 4.

68.     The 710 Product package is marked with the '647 patent.

69.     The 647 patent expired on or about September 15, 2006.

6559559v1 910016 57483

70.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 710 Product with the expired '647 patent.

## COUNT V

71.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LINEUR INTENSE® BRUSH TIP Liquid Eyeliner" "730 Brown Brun" under the product line "L'OREAL PARIS"  (the "730 Product").  A front and back photograph of the 730 Product is attached as Exhibit 5.

72.     The 730 Product package is marked with the '647 patent.

73.     The 647 patent expired on or about September 15, 2006.

74.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 730 Product with the expired '647 patent.

## COUNT VI

75.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LINEUR INTENSE® BRUSH TIP Liquid Eyeliner" "720 Brown Brun" under the product line "L'OREAL PARIS"  (the "720 Product").  A front and back photograph of the 720 Product is attached as Exhibit 6.

76.     The 720 Product package is marked with the '647 patent.

77.     The 647 patent expired on or about September 15, 2006.

78.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 720 Product with the expired '647 patent.

6559559v1  910016  57483

## COUNT VII

79.    The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LASH OUT® Lengthening and Separating MASCARA" "145 Blackest Black Noir Profund" under the product line "L'OREAL PARIS" (the "145 Product").  A front and back photograph of the 145 Product is attached as Exhibit 7.

80.    The 145 Product package is marked with the '536 patent.

81.    '536 patent expired on or about October 3, 2006.

82.    The 145 Product package is marked with the '622 patent.

83.    '622 patent expired on or about November 30, 2007.

84.    The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 145 Product with the expired '536 and '622 patents.

## COUNT VIII

85.    The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LASH OUT® Lengthening and Separating MASCARA" "165 Black Brown" under the product line "L'OREAL PARIS" (the "165 Product").  A front and back photograph of the 165 Product is attached as Exhibit 8.

86.    The 145 Product package is marked with the '622 patent.

87.    '622 patent expired on or about November 30, 2007.

88.    The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 165 Product with the expired '622 patent.

6559559v1  910016  57483

## COUNT IX

89.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LASH OUT® Lengthening and Separating MASCARA" "160 Black Noir" under the product line "L'OREAL PARIS" (the "160 Product"). A front and back photograph of the 160 Product is attached as Exhibit 9.

90.     The 145 Product package is marked with the '622 patent.

91.     '622 patent expired on or about November 30, 2007.

92.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 160 Product with the expired '622 patent.

## COUNT X

93.     The L'OREAL DEFENDANTS, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "HIP ™ HIGH DRAMA VOLUMIZING MASCARA" "844 Ultimate Black" under the product line ""L'OREAL PARIS" " (the "844 Product"). A front and back photograph of the 844 Product is attached as Exhibit 10.

94.     The 844 Product package is marked with the '622 patent.

95.     '622 patent expired on or about November 30, 2007.

96.     The L'OREAL DEFENDANTS have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 844 Product with the expired '622 patent.

6559559v1  910016  57483

## COUNT XI

97.     The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a cosmetic product labeled as "LASH DISCOVERY " "351 Very Black" (the "351 Product").  A front and back photograph of the 351 Product is attached as Exhibit 11.

98.     The 351 Product package is marked with the '536 patent.

99.     The '536 patent expired on or about October 3, 2006.

100.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 351 Product with the expired patents no. '536.

## COUNT XII

101.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "LASH DISCOVERY" "352 Brownish Black" (the "352 Product").  A front and back photograph of the 352 Product is attached as Exhibit 12.

102.    The 352 Product package is marked with the '536 patent.

103.    The '536 patent expired on or about October 3, 2006.

104.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 352 Product with the expired patents no. '536.

## COUNT XIII

105.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "FULL 'N SOFT® MASCARA THICK + HEALTHY*" "301 VERY BLACK TRES NOIR" (the "301 Product").  A front and back photograph of the 301 Product is attached as Exhibit 13.

6559559v1  910016  57483

106.    The 301 Product package is marked with the '622 patent.

107.    The '622 patent expired on or about November 30, 2007.

108.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 301 Product with the expired patents no. '622.

## COUNT XIV

109.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "FULL 'N SOFT® MASCARA THICK + HEALTHY*" "301 VERY BLACK TRES NOIR" (the "302 Product").  A front and back photograph of the 302 Product is attached as Exhibit 14.

110.    The 302 Product package is marked with the '622 patent.

111.    The '622 patent expired on or about November 30, 2007.

112.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 302 Product with the expired patents no. '622.

## COUNT XV

113.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "LASH DISCOVERY® MINI-BRUSH MASCARA" "351 Very Black" (the "351 Mini-Brush Mascara Product").  A front and back photograph of the 351 Product is attached as Exhibit 15.

114.    The 351 Mini-Brush Mascara Product package is marked with the '536 patent.

115.    The '536 patent expired on or about October 3, 2006.

12

116.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 351 Mini-Brush Mascara Product with the expired patents no. '536.

## COUNT XVI

117.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "VOLUME' EXPRESS ® TURBO BOOST MASCARA" "251 Very Black" (the "251 Turbo-Boost Mascara Product").  A front and back photograph of the 251 Product is attached as Exhibit 16.

118.    The 251 Turbo-Boost Mascara Product package is marked with patent nos. '536, '193, '622, and '440.

119.    The '536 patent was issued on October 3, 1989.

120.    The '536 patent expired on or about October 3, 2006.

121.    The '193 patent was issued on March 6, 1990.

122.    The '193 patent expired on or about February 6, 2007.

123.    The '622 patent was issued on December 19, 1989.

124.    The '622 patent expired on or about November 30, 2007.

125.    The '440 patent was issued on February 19, 1991

126.    The '440 patent expired on or about February 19, 2008

127.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 251 Turbo-Boost Mascara Product with the expired patents nos. '536, '193, '622, and '440.

6559559v1  910016  57483

## COUNT XVII

128.   The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "VOLUME' EXPRESS MASCARA" "201 Very Black" (the "201 Mascara Product").  A front and back photograph of the 201 Mascara Product is attached as Exhibit 17.

129.   The 201 Mascara Product package is marked with patent nos. '536, '193, '622, and '440.

130.   The '536 patent was issued on October 3, 1989.

131.   The '536 patent expired on or about October 3, 2006.

132.   The '193 patent was issued on March 6, 1990.

133.   The '193 patent expired on or about February 6, 2007.

134.   The '622 patent was issued on December 19, 1989.

135.   The '622 patent expired on or about November 30, 2007.

136.   The '440 patent was issued on February 19, 1991

137.   The '440 patent expired on or about February 19, 2008

138.   The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 201 Mascara Product with the expired patents nos. '536, '193, '622, and '440.

## COUNT XIII

139.   The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "VOLUME' EXPRESS MASCARA" "221 Very Black" (the "221 Mascara Product").  A front and back photograph of the 221 Mascara Product is attached as Exhibit 18.

6559559v1  910016  57483

140.    The 221 Mascara Product package is marked with patent nos. '536, '193, '622, and '440.

141.    The '536 patent was issued on October 3, 1989.

142.    The '536 patent expired on or about October 3, 2006.

143.    The '193 patent was issued on March 6, 1990.

144.    The '193 patent expired on or about February 6, 2007.

145.    The '622 patent was issued on December 19, 1989.

146.    The '622 patent expired on or about November 30, 2007.

147.    The '440 patent was issued on February 19, 1991

148.    The '440 patent expired on or about February 19, 2008

149.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 221 Mascara Product with the expired patents nos. '536, '193, '622, and '440.

## <u>COUNT XIX</u>

150.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "VOLUME' EXPRESS ® TURBO BOOST MASCARA" "202 Brownish Black" (the "202 Turbo-Boost Mascara Product").  A front and back photograph of the 202 Turbo-Boost Mascara Product is attached as Exhibit 19.

151.    The 202 Turbo-Boost Mascara Product package is marked with patent nos. '536, '193, '622, and '440.

152.    The '536 patent was issued on October 3, 1989.

153.    The '536 patent expired on or about October 3, 2006.

154.    The '193 patent was issued on March 6, 1990.

15

155.    The '193 patent expired on or about February 6, 2007.

156.    The '622 patent was issued on December 19, 1989.

157.    The '622 patent expired on or about November 30, 2007.

158.    The '440 patent was issued on February 19, 1991

159.    The '440 patent expired on or about February 19, 2008

160.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 202 Turbo-Boost Mascara Product with the expired patents nos. '536, '193, '622, and '440.

## COUNT XX

161.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "VOLUME' EXPRESS ® TURBO BOOST MASCARA" "261 Very Black" (the "261 Turbo-Boost Mascara Product").  A front and back photograph of the 261 Turbo-Boost Mascara Product is attached to as Exhibit 20.

162.    The 261 Turbo-Boost Mascara Product package is erroneously marked with expired patent no. 4,877,622.

163.    The 261 Turbo-Boost Mascara Product package is marked with patent nos. '536, '193, '622, and '440.

164.    The '536 patent was issued on October 3, 1989.

165.    The '536 patent expired on or about October 3, 2006.

166.    The '193 patent was issued on March 6, 1990.

167.    The '193 patent expired on or about February 6, 2007.

168.    The '622 patent was issued on December 19, 1989.

169.    The '622 patent expired on or about November 30, 2007.

6559559v1  910016  57483

170.    The '440 patent was issued on February 19, 1991

171.    The '440 patent expired on or about February 19, 2008

172.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 261 Turbo-Boost Mascara Product with the expired patents nos. '536, '193, '622, and '440.  Moreover, The MAYBELLINE Defendants intended to deceive the public by packaging the Turbo-Boost Mascara Product with non-related expired patent.

## COUNT XXI

173.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "XXL PR ™ BY EYESTUDIO" "524 Brownish Black Noir Brun" (the "524 XXL PR Product").  A front and back photograph of the 524 Product is attached as Exhibit 21.

174.    The 524 XXL PR Product package is marked with patent nos. '622 and '440.

175.    The '622 patent was issued on December 19, 1989.

176.    The '622 patent expired on or about November 30, 2007.

177.    The '440 patent was issued on February 19, 1991

178.    The '440 patent expired on or about February 19, 2008

179.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 524 XXL PR Product with the expired patents nos. '622 and '440.

## COUNT XXII

180.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "XXL PR ™ BY EYESTUDIO" "523 Very Black Noir

6559559v1 910016 57483

Intense" (the "523 XXL PR Product").  A front and back photograph of the 523 XXL PR Product is attached as Exhibit 22.

181.    The 523 XXL PR Product package is marked with patent nos. '622 and '440.

182.    The '622 patent was issued on December 19, 1989.

183.    The '622 patent expired on or about November 30, 2007.

184.    The '440 patent was issued on February 19, 1991

185.    The '440 patent expired on or about February 19, 2008

186.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 523 XXL PR Product with the expired patents nos. '622 and '440.

## COUNT XXIII

187.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "XXL PR ™ BY EYESTUDIO" "522 Brownish Black Noir Brun" (the "522 XXL PR Product").  A front and back photograph of the 522 XXL PR Product is attached as Exhibit 23.

188.    The 522 XXL PR Product package is marked with patent no. '622.

189.    The '622 patent was issued on December 19, 1989.

190.    The '622 patent expired on or about November 30, 2007.

191.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 522 XXL PR Product with the expired patents no. '622.

## COUNT XXIV

192.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "XXL PR ™ BY EYESTUDIO" "522 Very Black Noir Intense" (the "521 XXL PR Product").  A front and back photograph of the 521 XXL PR Product is attached as Exhibit 24.

193.    The 521 XXL PR Product package is marked with patent no. '622.

194.    The '622 patent was issued on December 19, 1989.

195.    The '622 patent expired on or about November 30, 2007.

196.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 521 XXL PR Product with the expired patents no. '622.

## COUNT XXV

197.    The MAYBELLINE Defendants, individually and/or collectively, manufacture, market, and sell a product labeled as "XXL PR ™ BY EYESTUDIO" "531 Very Black Noir Intense" (the "531 XXL PR Product").  A front and back photograph of the 531 XXL PR Product is attached as Exhibit 25.

198.    The 531 XXL PR Product package is marked with patent no. '622.

199.    The '622 patent was issued on December 19, 1989.

200.    The '622 patent expired on or about November 30, 2007.

201.    The MAYBELLINE Defendants have violated 35 U.S.C. §292(a) by marking (or causing to be marked), with intent to deceive the public, the packaging of the 531 XXL PR Product with the expired patents no. '622.

6559559v1 910016 57483

## DAMAGES RELATED TO ALL COUNTS

202.    Each false marking on the products identified herein is likely to, or at least has the potential to, discourage or deter persons and companies from commercializing competing products.

203.    DEFENDANTS' false marking of their products with expired patents has wrongfully quelled competition with respect to such products and has caused harm to HEATHCOTE, the United States, and the public.

204.    DEFENDANTS knew, or should have reasonably known, that marking, affixing or using in advertising their products with expired patents as set forth above was illegal under Title 35 United States Code.  At a minimum, DEFENDANTS had no reasonable basis to believe that their use of the expired patents was or is proper or otherwise permitted under federal law.

205.    Thus, each expired patent marked on a product directly, or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears is a separate "offense" pursuant to 35 U.S.C. § 292(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against DEFENDANTS as follows:

(a)    A decree that DEFENDANTS have falsely marked products in violation of 35 U.S.C. § 292;

(b)    An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking "offense," or an alternative amount as determined by the Court, one half of which should be paid to the United States of America;

6559559v1 910016 57483

(c)     An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

(d)     Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure Rule 38, Plaintiff hereby demands a jury trial on all issues triable by jury.

Dated:  April 23, 2010

<div style="margin-left: 50%;">

Respectfully submitted,

/s/ James C. Vlahakis
James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle Suite 300
Chicago IL  60601
(312)704-3715
(312)704-3001 (fax)
jvlahakis@hinshawlaw.com

</div>

6559559v1  910016  57483